IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LOROAD, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-03246-CV-S-SWH |
| ) | |
| GLOBAL EXPEDITION VEHI CLES, LLC, ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before the Court is Defendant's Motion to Dismiss (doc #4). In support of its motion, defendant argues: (1) that the purported Agreement upon which plaintiff basis its Petition to Compel Arbitration was never executed by plaintiff; and (2) the arbitration clause contained in the Agreement fails to comply with the notice requirement of Mo. Rev. Stat. § 435.470. (Defendant's Motion to Dismiss (doc #4 at 1)

I. STANDARD FOR MOTION TO DISMISS

In order to meet the pleading standard set forth in Rule 8[1] of the Federal Rules of Civil Procedure and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

---

[1]Pursuant to Rule 8(a)(2), a pleading that states a claim for relief must contain: "a short and plain statement of the claim showing that the pleader is entitled to relief."

## II. FACTS SET FORTH IN PETITION

Plaintiff's Petition to Compel Arbitration Before Judicial Arbitration and Mediations Services states that plaintiff is an Oregon limited liability company with its principal place of business located in Oregon and that defendant is a Missouri limited liability company with its principal place of business located in Missouri. (Doc #1 at ¶¶ 1-2) In the fall of 2012, plaintiff and defendant entered into an agreement for defendant to build a custom expedition vehicle for plaintiff. (Id. at ¶ 5) The cost of the vehicle was anticipated to be between $400,000 and $500,000. (Id. at ¶ 6) The Assembly Agreement states that it is made and entered into on October 31, 2012. (Doc #1-1) Defendant, the drafter of the Assembly Agreement, signed the agreement and sent it to plaintiff. (Doc #1 at ¶ 5; doc #1-1) The Assembly Agreement contained the following provision:

> 12. **ARBITRATION AND DISPUTES.** All claims, disputes, and other matters in question arising out of, or relating to this Agreement, shall be decided by binding arbitration. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrator(s) shall be final, and judgment may be entered upon it in accordance with applicable law in any Court having jurisdiction thereof. The locale of any arbitration proceedings hereunder shall be in Springfield, Missouri.

(Doc #1 at ¶ 7; doc #1-1) The Assembly Agreement states that it "shall be governed by the laws of the State of Missouri." (Doc #1-1 at ¶ 8)

On November 2, 2012, plaintiff paid a good-faith deposit to defendant in the amount of $120,000. (Doc #1 at ¶ 9) On March 15, 2013, plaintiff made a demand to defendant for adequate assurance of performance. (Id. at ¶12) Defendant failed to provide any assurance in response. (Id.) On April 19, 2013, plaintiff sent defendant a notice of material breach and default. (Id. at ¶14) On April 29, 2013, plaintiff sent defendant a letter requesting arbitration

pursuant to the terms of the Assembly Agreement. (Id. at ¶ 15; doc #1-2) As of the filing of the Petition to Compel Arbitration, defendant had not responded substantively to plaintiff's request for arbitration. (Doc #1 at ¶ 22)

### III. DISCUSSION

A. Plaintiff's Signature on Agreement

Defendant argues that the Assembly Agreement attached to plaintiff's Petition is not signed by plaintiff and, therefore, the parties never entered into a complete written agreement. (Defendant's Suggestions in Support of Motion to Dismiss (doc #5) at 1-2) According to defendant, because plaintiff did not sign the agreement, the section of the proposed agreement governing proceedings pertaining to arbitration is not applicable. (Id. at 2)

Missouri law provides:

> (1) … [A] contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and <u>signed by the party against whom enforcement is sought</u> or by his authorized agent or broker. …

(Mo. Rev. Stat. § 400.2-201, Formal requirements—statute of frauds) See also Thorn v. Browne, 257 F. 519, 523 (8th Cir. 1919)("It is a general rule of law … that a written contract between two parties signed by one of them is … valid and enforceable against him who signed it by the other party to it, who accepts and seeks to enforce it, although he has never signed it.")

The contract for the sale of goods to be specially manufactured for plaintiff was signed by defendant. Plaintiff apparently accepted the contract as plaintiff paid a $120,000 deposit pursuant to the contract. Thus, enforcement of the arbitration clause contained within the contract may be enforced against defendant, even though the contract was not signed by plaintiff.

3

B. <u>Arbitration Clause in Agreement</u>

Defendant next argues that this case must be dismissed because the arbitration clause contained in the Assembly Agreement fails to comply with the notice requirement of Rev. Stat. Mo. § 435.460. The statute provides:

> Each contract subject to the provisions of sections 435.350 to 435.470 shall include adjacent to, or above, the space provided for signatures a statement, in ten point capital letters, which read substantially as follows:
>
> "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES."

Rev. Stat. Mo. § 435.460.

The arbitration clause contained within the subject Assembly Agreement does not comply with section 435.460. However, it does comply with the Federal Arbitration Act. The Federal Arbitration Act provides: "A written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable …." 9 U.S.C. § 2. As stated in <u>Hopwood v. CitiFinancial, Inc.</u>, --- S.W.3d ---, 2014 WL 468231, *4 n.2 (Mo. Ct. App. Feb. 5, 2014), the Federal Arbitration Act applies where the transaction is one "involving commerce" and the parties are from different states. <u>Accord</u> <u>Kansas City Urology v. United Healthcare Servs.</u>, 261 S.W.3d 7, 10 (Mo. Ct. App. 2008). The subject Assembly Agreement involves commerce and the parties to the agreement are from different states, that is Oregon and Missouri. Thus, the Federal Arbitration Act applies.

As set forth in <u>Duggan v. Zip Mail Services, Inc.</u>, 920 S.W.2d 200, 203 (Mo. Ct. App. 1996), the Missouri Act may not be used to defeat an arbitration provision of a contract which is covered by the Federal Arbitration Act. Specifically, the court wrote:

Plaintiff argues the Missouri Act should be applied because: (1) the parties agreed Missouri law would govern the employment agreement; (2) the Missouri Act provides for appeal in this instance; and (3) application of the Missouri Act will not undermine the policies of the FAA. However, plaintiff's third contention ignores the instruction of our Missouri Supreme Court in a similar situation. Bunge Corporation v. Perryville Feed & Produce, Inc., (Mo. banc 1985). Applying the Missouri Act to the parties' agreement would destroy the right to arbitrate because the employment agreement does not contain the required § 435.460 notice, and consequently the arbitration clause is unenforceable under the Missouri Act. The Bunge court also dealt with the issue of whether § 435.460 RSMo could be applied to preclude arbitration of a matter within the coverage of the FAA. Id. In Bunge, the court held the Supremacy Clause obliged the court to apply federal law and prohibited it from applying substantive or procedural state law which was in derogation of federal law. Id. at 839. The U.S. Supreme Court has likewise concluded the federal act preempts any state act when both are applicable. Southland Corp. v. Keating, 465 U.S. 1, 15–16 … (1984).

Our courts are not bound by the procedural provisions of the FAA and state procedural rules may be applied when arbitration is pursuant to the FAA. Greenwood v. Sherfield, 172 (Mo. App. 1995). However, state procedures may not be applied to defeat the substantive rights granted by the FAA; and more specifically, the § 435.460 notice requirement cannot be applied to circumvent an arbitration provision within the scope of the FAA. Id. at 172–73.

The Missouri Act imposes an additional burden on the party seeking arbitration over that which is required by the FAA, namely the notice requirement. See § 435.460 RSMo. Because of this added requirement, an arbitration agreement which is sufficient under the FAA would be unenforceable under the Missouri Act without the notice required by § 435.460. Applying the Missouri Act to defeat arbitration in instances where the FAA permits it would place the state act above the federal act, violating the Supremacy Clause of the Constitution.

> The Federal Arbitration Act was passed by Congress pursuant to its power to regulate interstate commerce. Any requirement of state law which adds a burden not imposed by Congress is in derogation of the Congressional power, and pro tanto invalid.

Bunge, 685 S.W.2d at 839. (citations omitted). Our Missouri Supreme Court has concluded the Missouri Act may not be used to defeat an arbitration provision of a contract which is covered by the FAA. Id. We find the FAA is applicable as the agreement at issue "involves commerce," and application of the Missouri Act is pre-empted by the FAA. See Southland Corp., 465 U.S. at 15–16 …. Further, we find the § 435.460 notice requirement to be invalid under the FAA. …

5

Duggan, 920 S.W.2d at 203.

This case will not be dismissed for the failure of the arbitration clause to comply with the notice provision of Mo. Rev. Stat. § 435.460. In addition, the Court feels compelled to note that defendant, as the drafting party of the Assembly Agreement, certainly had notice of the arbitration clause.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant's Motion to Dismiss (doc #4) is denied.

                                            */s/ Sarah W. Hays*
                                          SARAH W. HAYS
                         UNITED STATES MAGISTRATE JUDGE