IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LOROAD, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-03246-CV-S-SWH |
| ) | |
| GLOBAL EXPEDITION VEHICLES, LLC, ) | |
| ) | |
| Defendant. ) | |

ORDER

This action has been brought before the Court on a Petition to Compel Arbitration before Judicial Arbitration and Mediations Services. Through this action, plaintiff LoRoad LLC ("LoRoad") seeks to compel Global Expedition Vehicles, LLC ("GXV") to arbitrate a breach of contract by enforcing an arbitration clause set forth in an Assembly Agreement allegedly entered into by the parties. Currently pending before the Court are Plaintiff's Motion for Summary Judgment (doc #7) and Defendant's Cross-Motion Summary Judgment (doc #18).

Plaintiff argues that the parties "entered into a valid, enforceable agreement to arbitrate all disputes." (Plaintiff's Motion for Summary Judgment (doc #7) at 1) Plaintiff further argues:

> This case seeking to compel arbitration arises out of a written arbitration clause in an agreement signed by the party attempting to avoid arbitration. Plaintiff is moving for summary judgment because the undisputed facts establish a valid, enforceable arbitration agreement between the parties. Plaintiff … and Defendant … entered into an agreement for GXV to build a custom expedition vehicle. A document entitled "Assembly Agreement" memorialized the portion of the parties' agreement relevant to plaintiff's Motion for Summary Judgment. GXV's member, Michael Van Pelt, executed the Assembly Agreement and returned it to LoRoad on February 13, 2013. Under basic contract law, Mr. Van Pelt's signature indicated his intent to be bound by the agreement, including the arbitration provision. In addition, performance by both parties indicates the existence of an agreement. Accordingly, this Court should grant plaintiff's motion

for summary judgment compelling the parties to arbitration before the Judicial Arbitration and Mediation Services or an order compelling arbitration as directed by the court.

(Plaintiff's Suggestion in Support of Its Motion for Summary Judgment (doc #8) at 1)

Defendant argues that plaintiff cannot prove its acceptance of the Assembly Agreement and, therefore, cannot seek to enforce the arbitration provision contained within the Assembly Agreement.[1] (Defendant's Cross-Motion for Summary Judgment (doc #18) at 1)

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is granted when the pleadings and evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to show the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The nonmoving party may not rest upon allegations or general denials, but must come forward with specific facts to prove that a genuine issue for trial exists. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The Court must review the facts in the light most favorable to the party opposing the motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

The Court notes that it has reviewed plaintiff's Statement of Undisputed Facts, Defendant's Statement of Undisputed Facts, each party's responses to the opposing party's facts and all of the supporting documents presented by the parties in this case. The Court will cite to only those facts and evidence it finds pertinent to the issues before the Court, rather than presenting the Court's own statement of uncontroverted facts.

---

[1] Defendant also argues estoppel and the doctrine of unclean hands. Because the Court finds defendant's first argument to be dispositive, the Court will not address defendant's additional arguments.

Defendant initially filed a motion to dismiss arguing that the purported Agreement upon which plaintiff bases its Petition to Compel Arbitration was never executed by plaintiff and the arbitration clause contained in the Agreement failed to comply with Missouri's notice requirement. On March 21, 2014, the Court denied Defendant's Motion to Dismiss stating in part:

> The contract for the sale of goods to be specially manufactured for plaintiff was signed by defendant. Plaintiff apparently accepted the contract as plaintiff paid a $120,000 deposit pursuant to the contract. Thus, enforcement of the arbitration clause contained within the contract may be enforced against defendant, even though the contract was not signed by plaintiff.

(Doc #17 at 3) To support this conclusion, the Court cited Thorn v. Browne, 257 F. 519, 523 (8th Cir. 1919), which found: "It is a general rule of law … that a written contract between two parties signed by one of them is … valid and enforceable against him who signed it by the other party to it, **who accepts** and seeks to enforce it, although he has never signed it." (emphasis added)

While it appeared to the Court, from the Petition to Compel Arbitration before Judicial Arbitration and Mediations Services, that plaintiff had accepted the written contract and was now seeking to enforce a provision within that contract,[2] the following undisputed facts now provided by defendant in its motion for summary judgment suggest otherwise:

> 17. On February 14, 2013, LoRoad, via email of Rodney Lough, Jr., stated to GXV that the $120,000 deposit was a commitment, but that the deposit in no way indicated an agreement with LoRoad until the final documents were signed,

---

[2]Plaintiff's Petition states: "In the fall of 2012, LoRoad and GXV entered into an agreement for GXV to build a custom expedition vehicle to be used by LoRoad for television marketing and off-road photography expeditions …. A document entitled 'Assembly Agreement' memorialized the portion of the parties' agreement relevant to this petition. … The Assembly Agreement provides in pertinent part as follows: [quotes the Arbitration and Disputes paragraph from the Assembly Agreement] … As the parties have agreed to arbitrate in Springfield, Missouri, under the terms of the Assembly Agreement, Petitioner is entitled to an order of this Court requiring the parties to arbitrate the dispute pursuant to Section 4 of the FAA." (Doc #1 at ¶¶ 5, 7 and 26)

sealed, and properly delivered. (Affidavit of Rene' Van Pelt ¶ 19, Ex. 6).

18. On February 22, 2013, LoRoad, via email of Rodney Lough, Jr., officially disputed that the Assembly Agreement was signed and executed by LoRoad. (Affidavit of Rene' Van Pelt ¶ 20, Ex. 7).

20. On February 25, 2013, LoRoad, via email of Rodney Lough, Jr., stated that the $120,000 deposit was to demonstrate LoRoad's seriousness about moving forward, that the deposit was not for the Assembly Agreement, and there was no executed document between the parties. (Affidavit of Rene' Van Pelt ¶ 23, Ex. 10).[3]

21. On March 5, 2013, the attorney for LoRoad, Philip Van Der Weele, wrote a letter to GXV with an Attachment identifying 11 reasons why there was no executed contract in place between LoRoad and GXV. (Affidavit of Rene' Van Pelt ¶ 22, Ex. 9).

(Defendant's Statement of Undisputed Facts in Support of Defendant's Cross Motion for Summary Judgment (doc #19) at 3-4) The Court notes that plaintiff sets forth 23 facts in support of its motion for summary judgment--all of which are undisputed by defendant. However, absent from any of these facts is any evidence of acceptance of the Assembly Agreement by plaintiff.[4]

---

[3]Plaintiff disputes that the email indicates "that the deposit was not for the Assembly Agreement," and states that the email (Ex. 10) speaks for itself. The Court finds that the email (Ex. 10) does indeed state that the deposit was not for the Assembly Agreement:

> Even your own document, the Assembly Agreement, states that the deposit is not required until the execution of the Assembly Agreement. Again, how can you say that our good faith deposit was for the Assembly Agreement when the deposit was made before the Assembly Agreement was finalized? Simply put, you can not.

(Doc #21-10 at 2) Thus, the Court finds this fact to be undisputed.

[4]In Plaintiff's Suggestions in Opposition to Defendant's Cross-Motion for Summary Judgment, plaintiff entitled a section "Plaintiff Accepted the Assembly Agreement by Performance." (Doc #23 at 3) The only "performance" then listed in the section is the $120,000 deposit made on November 2, 2012, and LoRoad's November 16, 2012 mark-up of the Assembly Agreement. Given plaintiff's later emails which are referenced in defendant's undisputed facts set forth above, plaintiff clearly states that despite these actions on its part, there was no acceptance of the Assembly Agreement by plaintiff.

As set forth in Clemmons v. Kansas City Chiefs Football Club, Inc., 397 S.W.3d 503, 505-06 (Mo. Ct. App. 2013), the party seeking to compel arbitration has the burden of proving the existence of a valid and enforceable arbitration agreement and the court should apply the usual rules of state contract law. Accord Marzette v. Anheuser-Busch, Inc., 371 S.W.3d 49, 52 (Mo. Ct. App. 2012)("arbitration is a matter of contract, and parties will be compelled to arbitrate their claims only if the arbitration agreement satisfies the essential elements of a valid contract"). "The essential elements of a contract are 'offer, acceptance, and bargained for consideration.'" Clemmons, 392 S.W.3d at 506 (quoting Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. banc 1988)). Plaintiff has repeatedly argued that it is entitled to prevail in this action because the parties entered into the Assembly Agreement, which contained an arbitration provision. Based on the facts presented by defendant, the Assembly Agreement, in which the arbitration paragraph is found, was clearly not accepted by plaintiff. Therefore, the Court finds that plaintiff has failed to establish the existence of a valid and enforceable arbitration agreement.

The Court notes that while plaintiff believes it inconsistent and unfair for defendant to deny an obligation to arbitrate under the Assembly Agreement after accepting and retaining the $120,000 deposit, the issue of defendant's retention of the deposit is not before the Court. The Petition filed in this case sought only to compel arbitration. Given plaintiff's failure to accept the Assembly Agreement, the Court cannot enforce an arbitration provision found within that Assembly Agreement.

Based on the foregoing, it is

ORDERED that Plaintiff's Motion for Summary Judgment (doc #7) is denied. It is further

ORDERED that Defendant's Cross-Motion for Summary Judgment (doc #18) is granted. It is further

ORDERED that as no authority for defendant's request for an award of attorneys' fees was provided to the Court, defendant's request for an award of attorneys' fees is denied.

                                            */s/ Sarah W. Hays*
                                            SARAH W. HAYS
                                 UNITED STATES MAGISTRATE JUDGE